# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2023

Lyle W. Cayce
Clerk

————————

No. 23-60255

————————

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA;
LONGVIEW CHAMBER OF COMMERCE;
TEXAS ASSOCIATION OF BUSINESS,

*Petitioners*,

*versus*

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.

_____

Petition for Review of an Order of
the Securities and Exchange Commission
Agency No. 34-97424
Agency No. IC-34906
Agency No. 88 Fed. Reg. 36002

_____

Before SMITH and SOUTHWICK, *Circuit Judges.*[*]

JERRY E. SMITH, *Circuit Judge*:

The petitioners move this court to vacate the final rule. The time to respond or oppose has expired. We grant the motion and vacate the rule.

_____

[*] Judge Higginson, who was a member of the panel, now stands recused. This opinion is issued by a quorum. *See* 28 U.S.C. § 46(d).

No. 23-60255

On October 31, 2023, we issued an opinion on petitioners' challenge to the rule of the Securities and Exchange Commission ("SEC") requiring issuers to report day-to-day share repurchase data once a quarter and to disclose the reason why an issuer repurchased shares of its own stock. *Chamber of Com. of the U.S. v. SEC*, 85 F.4th 760 (5th Cir. 2023). We held that the SEC had acted arbitrarily and capriciously, in violation of the Administrative Procedure Act ("APA"), when it failed to respond to petitioners' comments and failed to conduct a proper cost-benefit analysis. We therefore granted the petition for review, issued a "limited remand" directing the SEC "to correct the defects in the rule within 30 days," and "retain[ed] jurisdiction to consider the decision . . . made on remand." *Id.*

On November 22, 2023—twenty-two days after the initial opinion issued—the SEC filed an opposed motion seeking to extend the thirty-day remand period for an indefinite time. In that motion, the agency explained it "ha[d] worked diligently to ascertain the steps necessary to comply with the Court's remand order and ha[d] determined that doing so w[ould] require additional time." We denied that motion on November 26, 2023.

The thirty-day remand period expired on November 30, 2023. One day later, at the request of the Clerk of this court, the SEC filed a letter stating that "the Commission was not able to 'correct the defects in the rule' within 30 days of the [c]ourt's opinion."

I.

Under the APA, this court must "set aside agency action[] found to be arbitrary [or] capricious, contrary to constitutional right, or without observance of procedure as required by law." *Id.* at 767–68 (citations omitted) (cleaned up). Accordingly, "[t]he default rule is that vacatur is the appropriate remedy." *Data Mktg. P'ship v. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022).

No. 23-60255

Departing from that default rule is justifiable only in "rare cases"[1] satisfying two conditions: *First*, there must be a "serious possibility" that the agency will be able to correct the rule's defects on remand. *Texas v. United States*, 50 F.4th 498, 529 (5th Cir. 2022) (citation omitted). Remand without vacatur is therefore inappropriate for agency action suffering from one or more serious procedural or substantive deficiencies.[2] *Second*, vacating the challenged action would produce "disruptive consequences." *Id.* (citation omitted).

In this panel's earlier opinion, we "recognized that there was at least a serious probability that the SEC would be able to substantiate its decision if given an opportunity to do so." 85 F.4th at 780 (citations omitted) (cleaned up). We therefore "afford[ed] the agency limited time to remedy the deficiencies in the rule" by remanding "with direction . . . to correct the defects in the rule." *Id.*

That thirty-day period has come and gone. The SEC claims to have "worked diligently to ascertain the steps necessary to comply with the Court's remand order." Yet the agency has nothing to show for its efforts. It returns to this court empty-handed, admitting that it "was not able to

---

[1] *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) (citations omitted).

[2] For example, remand without vacatur would not be appropriate for agency action (1) plagued with "fundamental substantive defects," *id.*; (2) promulgated in violation of notice-and-comment requirements, *see Nat. Resources Def. Council v. Wheeler*, 955 F.3d 68, 85 (D.C. Cir. 2020); or (3) for which "there is serious doubt over the substantive correctness of the agency action at issue," 33 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. 3d § 8382, 2023 Supp. at 39 (Thomson Reuters); *see also All. for Hippocratic Med. v. FDA*, 78 F.4th 210, 255 (5th Cir. 2023), *cert. granted*, 2023 U.S. LEXIS 4917 (U.S. Dec. 13, 2023) (No. 23-235), *and cert. granted*, 2023 U.S. LEXIS 4916 (U.S. Dec. 13, 2023) (No. 23-236), *and cert. denied*, 2023 U.S. LEXIS 4914 (U.S. Dec. 13, 2023) (No. 23-395).

No. 23-60255

'correct the defects in the rule' within 30 days." The rule remains no less flawed—and no less unlawful—than it was on October 31, 2023.

## II.

The SEC acted arbitrarily and capriciously, in violation of the APA, when it failed to respond to petitioners' comments and failed to conduct a proper cost-benefit analysis. The challenged rule is VACATED. The mandate shall issue forthwith.